OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision on appeal from a judgment of Rochester City Court (Teresa D. Johnson, J.) dismissing the informations on all the respondents for criminal solicitation in the fifth degree on the ground that in each instance the exemption *1048 under the Penal Law prohibited a finding of guilt as a matter of law (Penal Law § 100.20). Respondents are all similarly situated in that they were arrested by the Rochester Police Department and charged with criminal solicitation in the fifth degree after they attempted to buy oregano packaged as marihuana from undercover police officers posing as drug dealers.
Prior to perfection and assignment of this appeal, the parties stipulated that the record on appeal for respondent Christopher Allen would constitute the record on appeal for all of the respondents. Respondents not represented by the Public Defender’s Office have indicated to the court that they are adopting that office’s brief on appeal as their own. The court’s decision is therefore based upon a review of the record on appeal and submitted briefs with respect to respondent Christopher Allen.
Ordered that the orders of dismissal are reversed, the informations reinstated and the matters remanded for further proceedings.
The issue for this court’s determination is whether the exemption provision in the Penal Law precludes as a matter of law a finding of guilt in these cases as charged in the information. The law provides that “[a] person is guilty of criminal solicitation in the fifth degree when, with intent that another person engage in conduct constituting a crime, he solicits, requests, commands, importunes or otherwise attempts to cause such other person to engage in such conduct” (Penal Law § 100.00). The law also provides for an exemption from such charge when an individual’s “solicitation constitutes conduct of a kind that is necessarily incidental to the commission of the crime solicited. When under such circumstances the solicitation constitutes an offense other than criminal solicitation which is related to but separate from the crime solicited, the actor is guilty of such related and separate offense only and not of criminal solicitation” (Penal Law § 100.20).
Criminal solicitation is a defined and recognized crime distinct from the object crime and distinct from an attempt to commit a crime. The exemption is a limited one and not to be construed to exclude any incidental conduct but only “necessarily” incidental conduct (Penal Law § 100.20 [emphasis added]). A solicitation is not necessarily incidental to a sale though it may be incidental to a sale of marihuana. The law defines “sell” as “to sell, exchange, give or dispose of to another, or to offer or agree to do the same” (Penal Law § 220.00 [1]). Thus a person can be convicted of criminal sale of marihuana by offering the *1049 same for sale without a requisite solicitation for such sale (see, e.g., Penal Law § 221.35; 3 CJI [NY] PL 221.35, at 1834-1836).
The criminal solicitation statutes were enacted by the Legislature to fill the gap created when conduct falls short of an attempt to commit a crime but is the type of conduct that “ ‘involves sufficient culpability to warrant criminal sanctions’ ” (People v Lubow, 29 NY2d 58, 65 [1971]). The acts alleged in the informations are sufficient to constitute a solicitation and such acts do not fall within the exemption (Penal Law § 100.20). The facts in the informations do not allege acts which constitute separate but related offenses.
This court concludes that the dismissals were not warranted. The orders are reversed and the informations are reinstated and remanded for further proceedings in accordance with this court’s decision.